UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-08015 DMG (JEMx)** | Date | November 22, 2010 |
| Title | ***Deutsche Bank National Trust Company v. Elias Hernandez, et al.*** | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT**

On September 8, 2010, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint in Los Angeles County Superior Court against Defendant Elias Hernandez and Doe defendants "I" through "X" for unlawful detainer. Deutsche Bank seeks possession of real property and restitution for Plaintiff's use and occupancy of the property in the amount of $45.37 per day starting on August 20, 2010. (Compl. at 2-3.) Deutsche Bank demands less than $10,000 in damages. (*Id*. at 1.)

Defendant removed the case to this Court on October 25, 2010, apparently on the basis of federal question jurisdiction.[1] The complaint, however, raises no federal question. Although Defendant invokes federal statutes as an apparent defense or counterclaim, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

Moreover, it appears that Defendant's Notice of Removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). It appears that Defendant filed a motion to quash summons on September 17, 2010, *see* Superior Court of Los Angeles, http://www.lasuperiorcourt.org/civilcasesummary/index.asp (case number 10C03701), by which time Defendant evidently had received a copy of the complaint. Defendant did not file the Notice of Removal, however, until more than thirty days later.

---

[1] Plaintiff cites 12 U.S.C. § 1542 and 28 U.S.C. § 1352 as jurisdictional bases. (Pet. for Removal at 2.) Under 12 U.S.C. § 1542(f), federal district courts have jurisdiction over actions to which the Federal Home Loan Mortgage Corporation, *i.e.*, Freddie Mac, is a party. Under 28 U.S.C. § 1352, district courts have jurisdiction over actions on federal bonds. Neither of these two statutes is applicable to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-08015 DMG (JEMx)** | Date | November 22, 2010 |
|---|---|---|---|

| Title | ***Deutsche Bank National Trust Company v. Elias Hernandez, et al.*** | Page | 2 of 2 |
|---|---|---|---|

    Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court. Defendant shall file his response by **November 30, 2010**.

**IT IS SO ORDERED.**